17111.   DENSON *et al. v.* WARM SPRINGS BANKING CO.

The evidence not demanding the verdict rendered for the defendants, under repeated rulings of this court the first grant of a new trial can not be interfered with.

DECIDED JULY 20, 1926.

Complaint; from city court of Greenville—Judge Revill. December 23, 1925.

*R. A. McGraw,* for plaintiffs in error.   *N. F. Culpepper,* contra.

JENKINS, P. J.   This was a suit by the bank on a promissory note originally in the principal sum of $141.05, dated October 15, 1921, signed by Lou Denson as principal, and indorsed by Eddie Terry, her son-in-law, as surety.   The defendants filed a plea of non est factum, which denied the execution of the note sued on For further plea and answer they set up that the note sued on purports to have been given in renewal of a previous note executed by the defendants in the sum of $137.50, dated February 25, 1920, bearing interest from maturity [on which $125 was actually advanced], and that the renewal note, if it in fact was signed by the defendant Lou Denson, who was illiterate, was fraudulently procured, in that the previous note for which it was given in renewal had at that time been more than fully paid off and discharged. They filed an additional plea by way of amendment setting up that certain of the payments which had been made upon the previous note by Lou Denson had, wrongfully and without authority, been applied by the plaintiff in extinguishment of a note made by one Robert Terry, another son-in-law, in the principal sum of $95, for which defendants were in no way responsible.   On the

---

Appeal and Error, 4 C. J. p. 832, n. 47.

**40**

trial the defendant Eddie Terry admitted his signature as indorser, and there was abundant testimony by the person who witnessed the execution of the note that the defendant Lou Denson had also executed the same by her mark. The jury found a verdict in favor of the defendants, which was set aside by the trial judge on a motion made by plaintiff for a new trial.

. The record in the case, which is very voluminous, has been examined with care, as well as the very exhaustive brief of counsel for plaintiffs in error; but it is difficult to arrive at a very clear comprehension as to what might or what might not have been proved by the defendants upon the question of payment. Counsel for plaintiffs in error sets forth in his brief that "the only evidence ever offered by the plaintiff of any debt ever owed by Lou Denson was for the $125.00 loan to Eddie Terry for the leg of his wife, which was in 1920 in the spring, the only other evidence whatever being that before then Lou Denson had a course of dealings with the bank. The court can not presume, from that testimony that Lou Denson had had dealings with the bank for a course of years, that she owed them any money other than that of the .$125.00." It appears, however, from the documentary evidence introduced by the defendant Lou Denson herself, that she had in her possession two notes executed by her, which had been cancelled and surrendered to her by the bank, one for the principal sum of $100, dated March 16, 1920, and the other for $137.50, above referred to, dated February 26, 1920. On each of these notes there is an entry "paid by renewal, 10-15-21," that being the date on which the note sued on was executed. On the $100 note there were credits of various amounts aggregating $79.62, and the note sued on showed credits of $22. It seems to be undisputed that the defendant Lou Denson had paid the bank on her indebtedness a bale of cotton taken at a valuation of $108, including which she sought to show payments to the bank during 1920 and 1921, amounting to $191.25. It thus appears that the payments, either as acknowledged by the bank or as claimed by the defendant, did not completely satisfy the two notes mentioned as owing by the defendant Lou Denson; and consequently it can in no wise be said, even under the defendant's evidence, that a general verdict in favor of the defendant was demanded by the .evi-

dence. Therefore this court could not legally or properly set aside the judgment of the trial court granting a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*